UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JASON PAGE,

    Petitioner,

v.

MATTHEW CATE, Secretary of the California Department of Corrections & Rehabilitation,

    Respondent.

No. C 09-4142 MHP (pr)

**ORDER TO SHOW CAUSE**

## INTRODUCTION

Jason Page, a prisoner currently incarcerated at the Substance Abuse Treatment Facility And State Prison in Corcoran, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging a disciplinary decision that occurred while he was incarcerated at Pelican Bay State Prison. The petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## BACKGROUND

Page claimed in his petition that his due process rights were violated during disciplinary proceedings that stemmed from an incident on May 17, 2007. In the rules violation report (also known as a CDC-115, after the form number), Page was charged with battery on an inmate with a weapon. At a hearing on June 28, 2007, he was found guilty of the lesser offense of mutual combat with no serious injury and not guilty of battery with a deadly weapon. Petition, Exs. at 18. Page apparently was assessed a 90-day credit forfeiture. Id. He requests in his habeas petition that he be exonerated of the charges in the CDC-115 and that his time credits be restored. See Petition at 4.

**DISCUSSION**

A.  <u>Review of Petition</u>

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering a petition will "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

The process due in a prison disciplinary proceeding that results in the loss of time credits (assuming that such a loss of credits inevitably would affect the duration of the prisoner's confinement) includes written notice, time to prepare for the hearing, a written statement of decision, allowance of witnesses and documentary evidence when not unduly hazardous, and aid to the accused where the inmate is illiterate or the issues are complex. <u>Wolff v. McDonnell</u>, 418 U.S. 539, 564-70 (1974).  Due process also requires that there be "some evidence" to support the disciplinary decision. <u>Superintendent v. Hill</u>, 472 U.S. 445, 454 (1985).  The Due Process Clause only requires that prisoners be afforded those procedures mandated by <u>Wolff</u> and its progeny; it does not require that a prison comply with its own, more generous procedures.

The petition is far from a model of clarity, but appears to allege several due process violations.  It appears that Page is alleging that he was denied an investigative assistant, that he was denied an opportunity to present witnesses and documentary evidence, and that the evidence was insufficient to support the disciplinary decision.  Liberally construed, these allegations state cognizable due process claims.

The petition also appears to complain about the handling of the inmate appeals Page filed after the disciplinary decision.  That claim is dismissed.  An incorrect decision on, or the mishandling of, an inmate appeal is not actionable as a due process violation.  See <u>Ramirez v. Galaza</u>, 334 F.3d 850, 860 (9th Cir. 2003) (prisoner's claimed loss of a liberty interest in the processing of his appeals does not violate due process because prisoners

lack a separate constitutional entitlement to a specific prison grievance system).  Page had no federal constitutional right to a properly functioning appeal system.  An incorrect decision on an administrative appeal or failure to handle it in a particular way therefore did not amount to a violation of his right to due process.

The habeas petition also attempts to allege as a ground for relief a failure to protect from a risk of harm.  Petition, p. 5.  That allegation appears to be covered in one of Page's civil rights  cases, see Page v. Willis, No. C 08-5610 MHP, in which Page alleged that sergeant Willis set him up to be attacked on May 17, 2007.   In any event, the allegation does not challenge to the time credit loss that resulted from the CDC-115 issued for the event on May 17, 2007, and therefore is dismissed without prejudice to Page pursuing his claim in his civil rights action.

B.     Miscellaneous Matters

After he filed his petition, Page filed an "ex parte application for full crediting of back time credits."  The application is DENIED as premature and unnecessary.  (Docket # 2.)  Page will not be entitled to any court-ordered restoration of credits unless he prevails on his petition for writ of habeas corpus.  The court has to wait for the parties to file their briefs before it can consider whether there was a constitutional violation, and only after it determines if there was a constitutional violation would the court reach the remedy question.  Similarly, Page's "request for judgment of writ of habeas corpus" is DENIED as premature and unnecessary.  (Docket # 9.)  The court will consider the merits of the petition after respondent files an answer, and petitioner files a traverse.

In his traverse, petitioner should strive to present a coherent argument explaining how his due process rights were violated in the disciplinary proceedings.  His petition had very little discussion and had numerous pages of exhibits.  If he wants the court to consider exhibits, he should explain the significance of the exhibits in his traverse.

Petitioner named the warden at Pelican Bay, the director of the CDC&R, and inmate appeals chief N. Grannis as the respondents.  The rules governing relief under 28 U.S.C. § 2254 require a person in custody pursuant to the judgment of a state court to name the "'state

3

officer having custody'" of him as the respondent. <u>Ortiz-Sandoval v. Gomez</u>, 81 F.3d 891, 894 (9th Cir. 1996) (quoting Rule 2(a) of the Rules Governing Habeas Corpus Cases Under Section § 2254). While the warden of the institution in which the petitioner is incarcerated is the typical respondent, the "'state officer having custody'" also may include "'the chief officer in charge of state penal institutions.'" <u>Ortiz-Sandoval</u>, 81 F.3d at 894 (quoting Rule 2(a) advisory committee's note). Matthew Cate is the Secretary of the California Department of Corrections & Rehabilitation. As the chief officer in charge of California's prisons, he has custody. Thus, the court has <u>sua sponte</u> substituted Cate in as the respondent. N. Grannis has no custodial role over Page and therefore is dismissed. Pelican Bay State Prison warden Horel also is dismissed because he does not appear to be a proper respondent for a petition filed by a person incarcerated at another prison at the time of filing.

## CONCLUSION

For the foregoing reasons,

1. The petition alleges cognizable due process claims that petitioner was denied an investigative assistant, that he was denied an opportunity to present witnesses and documentary evidence, and that the evidence was insufficient to support the disciplinary decision. All other claims are dismissed.

2. Respondents Horel and Grannis are dismissed. Matthew Cate, the Secretary of the California Department of Corrections & Rehabilitation is substituted in as the respondent.

3. The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

4. Respondent must file and serve upon petitioner, on or before **October 1, 2010**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of the disciplinary decision records pertaining to the challenged decision.

5. If petitioner wishes to respond to the answer, he must do so by filing a traverse

with the court and serving it on respondent on or before **November 5, 2010**.

      6.      Petitioner is responsible for prosecuting this case. He must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

      7.      Petitioner's "<u>ex parte</u> application for full crediting of back time credits" and "request for judgment of writ of habeas corpus" are DENIED. (Docket # 2, # 9.)

IT IS SO ORDERED.

DATED: July 23, 2010

_____
Marilyn Hall Patel
United States District Judge

5