UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON PAGE, | No. C 09-4142 MHP (pr) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| MATTHEW CATE, Secretary of the California Department of Corrections & Rehabilitation, | |
| Respondent. | |

## INTRODUCTION

Jason Page, a pro se prisoner, has filed a petition for writ of habeas corpus challenging a 2007 disciplinary decision. Now before the court for consideration is respondent's motion to dismiss the petition as untimely. For the reasons discussed below, the court finds the petition to be barred by the statute of limitations and dismisses it.

## BACKGROUND

Jason Page claimed in his federal habeas petition that his due process rights were violated during disciplinary proceedings that stemmed from an incident on May 17, 2007. In the rules violation report for the incident, Page was charged with battery on an inmate with a weapon. At a hearing on June 28, 2007, he was found guilty of the lesser offense of mutual combat with no serious injury and not guilty of battery with a deadly weapon. Petition, Exs. at 18. Page apparently was assessed a 90-day credit forfeiture. Id.

Page appealed the disciplinary decision. A third-level (or director's level) decision was issued on January 14, 2008, thus exhausting his prison administrative remedies.

Page filed three state petitions for collateral review before filing his federal petition

for writ of habeas corpus.

Page filed a petition for writ of habeas corpus ("state petition # 1") in the Del Norte County Superior Court on February 8, 2008 that was dated January 28, 2008. The petition was denied on March 26, 2008.

Page filed a petition for writ of habeas corpus ("state petition # 2") in the California Court of Appeal on July 14, 2008. The petition was dated July 7, 2008. The petition was denied on July 22, 2008.

Page filed a petition for writ of habeas corpus ("state petition # 3") in the California Supreme Court on December 31, 2008. The proof of service for the petition states that it was mailed to the court on December 14, 2008. The petition was denied by the California Supreme Court on February 11, 2009.

Page then filed his federal petition. The petition is dated July 5, 2009, and has a proof of service attached to the petition which states that Page mailed it to this court on July 5, 2009. The envelope in which it was mailed is postmarked August 27, 2009. The petition was stamped "filed" at the court on September 8, 2009.

Due to Page's status as a prisoner proceeding pro se, he receives the benefit of the prisoner mailbox rule, which deems most documents filed when they are given to prison officials to mail to the court rather than the day the document reaches the courthouse. See Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003). For purposes of the present motion, each of his petitions is deemed filed as of the day he signed it, on the assumption that he gave each one to prison officials to mail on the day he signed it. For the two petitions that have proof of service of forms filled out, the court uses the proof of service date as the mailing date. For present purposes the court will accept that the federal petition is deemed to have been filed on July 5, 2009, but notes that it is highly unusual that there would be a 6-week delay between him putting it in the prison mail and the petition getting postmarked in the U.S. mail.

2

## DISCUSSION

A petition for writ of habeas corpus filed by a state prisoner must comply with the statute of limitations in 28 U.S.C. § 2244(d). Section 2244's one-year limitations period applies to all habeas petitions filed by persons in "custody pursuant to the judgment of a State court," even if the petition challenges an administrative decision rather than a state court judgment. Shelby v. Bartlett, 391 F.3d 1061, 1063 (9th Cir. 2004) (quoting 28 U.S.C. § 2244(d)(1)). Although the limitations period has four possible starting dates, § 2244(d)(1)(D) usually applies to prisoners challenging administrative decisions such as disciplinary decisions, i.e., the limitations period starts on the "date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." The one-year limitations period begins on the date the administrative decision becomes final. See Shelby, 391 F.3d at 1066 (limitations period began the day after prisoner received timely notice of the denial of his administrative appeal challenging disciplinary decision); see also Redd v. McGrath, 343 F.3d 1077, 1079 (9th Cir. 2003) (limitations period began when BPT denied prisoner's administrative appeal challenging the BPT's decision that he was unsuitable for parole). The "factual predicate" of the habeas claims is the finality of the adverse administrative decision, and not the denial of the state habeas petition. See Redd, 343 F.3d at 1082.

The disciplinary decision became final on January 14, 2008, when Page's inmate appeal was denied at the director's level. The one-year limitations period started the next day. The presumptive deadline for Page to file his federal habeas petition therefore was January 15, 2009.

The one-year limitations period is tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). A state habeas petition is considered pending not only for the time the case is open on the docket in a court, but also for the time period between state habeas petitions provided that the petitioner files the later

3

state habeas petition at a higher level court and does so "within what California would consider a 'reasonable time.'" Evans v. Chavis, 546 U.S. 189, 197-98 (2006); Carey v. Saffold, 536 U.S. 214, 219-20 (2002).

Page does not have enough statutory tolling to make his federal petition timely. By the time he filed state petition # 1, 23 days of his limitations period had passed. He receives no tolling for the 103 days between the denial of state petition # 1 and the filing of state petition # 2 because the latter was not filed within what California would consider a reasonable time. See, e.g., Evans, 546 U.S. at 197 (noting that six months is far longer than the 30 to 60 days that most states provide for filing an appeal, the Court held that an unjustified or unexplained 6-month delay between post-conviction applications in California is not "reasonable" and does not fall within Carey's definition of the term "pending"); Velasquez v. Kirkland, No. 08-55823, slip op. 6223, 6231 (9th Cir. May 10, 2011) (no statutory tolling for the unexplained 91-day and 81-day gaps between state habeas petitions for represented petitioner); Banjo v. Ayers, 614 F.3d 964, 970 (9th Cir. 2010) (delay of 146 days between successive petitions not reasonable, so later petition not "timely filed"); Chaffer v. Prosper, 592 F.3d 1046, 1048 (9th Cir. 2010) (no tolling for 101-day and 115-day gaps between state habeas petitions where those petitions offered no justification for the delays as required under California law); Waldrip v. Hall, 548 F.3d 729, 735-36 (9th Cir. 2008) (delay of at least eight months not "reasonable" and thus not subject to tolling); Gaston v. Palmer, 447 F.3d 1165, 1167 (9th Cir. 2006) (no "gap tolling" during delays of 10, 15 and 18 months between California habeas petitions). Page also receives no tolling for the 145 days between the denial of state petition # 2 and the filing of state petition # 3 because the unexplained delay was "far longer than the Supreme Court's thirty-to-sixty-day benchmark for California's 'reasonable time' requirement." Velasquez, slip op. at 6231. By the time Page finished in state court, 271 days of the one-year limitations period had passed (i.e., 23 days before state petition # 1 was filed, plus 103 days and 145 days for the gaps between later petitions) and he had only 94 days remaining in his one-year limitations period.

1	Page did not file his federal petition until 144 days after his last state court petition
2	was denied.  He therefore missed the § 2244(d) deadline by more than seven weeks (144
3	days minus 94 days = 50 days or 7+ weeks).  Unless he is entitled to enough equitable tolling
4	to bridge that gap, his federal petition is untimely.

5	The § 2244(d) limitations period can be equitably tolled for a petitioner who shows
6	(1) that he pursued his rights with reasonable diligence and (2) that some extraordinary
7	circumstance stood in his way and prevented timely filing.  See Holland v. Florida, 130 S. Ct.
8	2549, 2562 (2010).

9	Page contends that he had been "in and out of the prison AD.SEG. units several times
10	in the last TWO YEARS and have to wait for property issue and Law Library access."
11	Docket # 15, p. 2.  "[O]rdinary prison limitations on . . . access to the law library and copier"
12	do not amount to extraordinary circumstances or make it impossible to file on time. Ramirez
13	v. Yates, 571 F.3d 993, 998 (9th Cir. 2009); see, e.g., Chaffer, 592 F.3d at 1049 (prisoner's
14	pro se status, law library missing a "handful" of reporter volumes, and reliance on inmate
15	helpers who were transferred or too busy to attend to his petitions are not extraordinary
16	circumstances "given the vicissitudes of prison life").  The court finds Page's several
17	arguments in favor of equitable tolling to be unpersuasive.  The arguments are vague and
18	devoid of any factual support.  Page has not identified the particular dates on which he was in
19	ad-seg, and has not identified when or for how much time he had to "wait" for property issue
20	and law library access.  He does not allege a complete denial of his legal paperwork or of law
21	library access.  The reasons he proffers appear nothing more than routine prison occurrences
22	that did not amount to extraordinary circumstances or make it impossible for him to file on
23	time.  As Page's movement history shows, Page was able to file his state petition # 1 quite
24	quickly (i.e., within 23 days of the final denial of the inmate appeal) from the confines of an
25	ad-seg unit.  See Resp. Reply, Ex. 8.  The timing of his federal petition also shows that the
26	excuses he proffers don't explain his delay: (a) of the 144 days that passed between the denial
27	of state petition # 3 and the filing of the federal petition, the first 126 days were spent in the
28

5

"main" or general population, rather than ad-seg; and (b) his federal petition was filed just 17 days after his mid-June 2009 transfer to two different prisons, thus undermining the idea that his materials were slow to catch up with him when he was moved "in and out" of ad seg or to new facilities. The restrictions he has described do not appear to have been anything more than the routine circumstances that face most habeas petitioners, almost all of whom are in prison with limited law library access, occasional disruptions of property possession, and proceeding without the assistance of counsel. These are not extraordinary circumstances that stood in the way of a timely filing. Considering Page's excuses singly or in combination does not lead one to conclude that he was pursuing his rights diligently and that some extraordinary circumstance stood in the way of timely filing of the federal petition.

The federal petition was not filed until more than seven weeks after the statute of limitations deadline had passed. The petition is barred by the habeas statute of limitations.

A certificate of appealability will not issue. See 28 U.S.C. § 2253(c). This is not a case in which "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

## CONCLUSION

Respondent's motion to dismiss is GRANTED. (Docket # 12.) The petition for writ of habeas corpus is dismissed because it was not filed before the expiration of the limitations period in 28 U.S.C. § 2244(d)(1). Having determined that the petition is untimely, the court DENIES petitioner's motion for summary judgment and his "motion for case cite reading by judge before hearing, documentary evidence/witness(s) exhibits attached" – both of which pertain to the merits of the petition. (Docket # 15, # 18.) The clerk will close the file.

IT IS SO ORDERED.

DATED: May 23, 2011

Marilyn Hall Patel
United States District Judge

6